IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDDIE PHILLIPS, #R-03802, )
                                                              )
                **Plaintiff,**      )
                                                              )
vs.                                               )      CIVIL NO. 10-1038-GPM
                                                              )
MICHAEL RANDLE, *et al.*,      )
                                                              )
                **Defendants.**   )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint must be dismissed at this point in the litigation.

**FACTS ALLEGED IN COMPLAINT**

On January 6, 2010, Defendant Lind ordered Plaintiff to strip down so that a shakedown of Plaintiff's cell could be performed. Plaintiff was then allowed to redress in his state-issued pants, shirt, and shower shoes. Plaintiff was approached by Defendant John Doe #1, who cuffed Plaintiff and escorted him to the main area of the cell house, along with Defendants John Does ##2, 3, and 4. Defendants Wangler, Lind, and John Does ##1, 2, 5, and 7 began to verbally harass Plaintiff and the other inmates who were in the main area of the cell house.

Defendants Lind, Wangler, Porter, John Does ##1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 then escorted Plaintiff and the other inmates outside into the cold weather. Plaintiff and the other inmates were made to stand outside in the cold for approximately 7 to 10 minutes. Plaintiff and the others were then escorted to an indoor multi-purpose building, which was also cold. Plaintiff and the others were made to stand against the walls of the room, facing the wall, where they stood for around 90 minutes without use of the restrooms, warmer clothing, or medical care.[1] Defendants John Does ##6, 7, 8, and 9 continued to act aggressively and made harassing remarks. Plaintiff saw that Defendants Pickering, Bebout, Wilson, and Dentleman were in the room with the inmates, clearly aware of the conditions.

On January 11, 2010 Plaintiff filed a grievance concerning the incident, which was denied by Defendant Goetting. Plaintiff appealed this denial, which was affirmed by Defendant Deen.

---

[1]Plaintiff does not state why medical care was necessary.

Plaintiff then appealed the decision to the Administrative Review Board, and Defendant Benton affirmed the decision on May 26, 2010. Defendant Randle approved the decision.

**DISCUSSION**

Plaintiff alleges that his right to be free from cruel and unusual punishment was violated by Defendants Lind, Wangler, Porter, and John Does ##1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 when he was forced to stand outside in the cold weather for 7 to 10 minutes and then in a cold room for approximately 90 minutes. Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642.

A 7 to 10 minute period outside in cold weather and a 90 minute period in a cold room is not the sort of barbaric treatment the Eighth Amendment was designed to prevent. As stated above, courts have found deprivations where inmates have been forced to stand outside in cold temperatures for hours without adequate protection. Such is not the case here. Plaintiff alleges that he was forced to stand outside in the cold for at most 10 minutes; that he was wearing a shirt, pants, and shoes; and

that he stood in a cold room for around 90 minutes. While this treatment may have been uncomfortable, it was not unconstitutional. This claim is dismissed with prejudice.

Plaintiff next alleges that his rights were violated when he was verbally harassed by Defendants Wangler, Lind, and John Does ##1, 2, 5, 6, 7, 8, and 9. Isolated and infrequent incidents of verbal abuse such as those that occurred here do not give rise to an Eighth Amendment claim. *See, e.g ., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992).

> The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987); *accord Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir.), *clarified on rehearing*, 186 F.3d 633 (5th Cir. 1999). Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection).

*DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *see also Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite language."). Plaintiff does not allege that these Defendants verbally harassed him at any other point outside of the incidents now before the Court. Although the Court discourages harassment in general, Plaintiff has failed to state a violation of the Eighth Amendment. This claim is dismissed with prejudice.

Plaintiff next alleges that Defendants Pickering, Bebout, Wilson, and Dentleman failed to protect him when they witnessed the actions of the other Defendants but did nothing to stop the conduct. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a

constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Plaintiff has not sufficiently alleged a violation of any constitutional right. This alone is enough to dismiss this claim. However, even if Plaintiff had in fact stated an actionable claim, these Defendants still would be dismissed because Plaintiff has not alleged that they were personally responsible for any of the actions taken against him. This claim is dismissed with prejudice.

Plaintiff alleges that his rights were violated when Defendants Goetting, Deen, Benton, and Randle denied his grievances concerning the above-described occurrence. A constitutional claim does not arise where an inmate files a grievance and simply disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired). Plaintiff does not state that his grievances went unanswered; rather, he complains that they were denied. As much as Plaintiff may disagree with the outcome of the grievance process, these Defendants adequately addressed the grievances. This claim is dismissed with prejudice.

Finally, Plaintiff names Defendants David and Spillar in the caption of his complaint, then mentions them later when stating his legal conclusions, but fails to connect them to any of the stated claims within the complaint. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *see also*

*Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Because Plaintiff fails to sufficiently link these Defendants with any claims asserted in his complaint, these Defendants are not given adequate notice of the claims against them. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). For this reason, Defendants Davis and Spillar are dismissed from this action.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 04/14/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge